**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PIVOTAL PAYMENTS, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | Judge _____ |
| TAKING YOU FORWARD LLC, | ) | Magistrate Judge _____ |
| | ) | |
|     Defendant. | ) | JURY DEMAND |

---

## COMPLAINT

---

Plaintiff Pivotal Payments, Inc. ("Pivotal") states for its Complaint against defendant Taking You Forward LLC as follows:

### The Parties

1.      Pivotal is a Delaware corporation with its principal place of business located in Plano, Texas.

2.      Taking You Forward, Inc. ("TYF") is a Nevada limited liability company.  No member of TYF is a citizen of Texas.

### Jurisdiction and Venue

3.      The matter in controversy, exclusive of interest and costs, exceeds $75,000, and the parties are diverse.  As such, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4.      Furthermore, this Court has personal jurisdiction over TYF, and venue is proper in this Court, pursuant to section I of the terms and conditions of the "Agreement" (as defined below) between the parties, which is at issue in this action.  Section I provides, in pertinent part:

This agreement shall be governed and construed in accordance with the laws of the State of Texas, which shall have exclusive authority and jurisdiction over this agreement and all matters arising herefrom.

(Agreement, § I.)

### Factual Background

5.      Pivotal is a national merchant services provider, which offers credit and debit card payment processing services, clearing and settlement, gift/loyalty/stored value card programs, terminal management solutions, and electronic check processing services to merchants, Internet business owners, and mail order/telephone order businesses.  Those services enable merchants to accept and receive payments for customer credit and debit card transactions.

6.      Pivotal entered into that certain Contract for Services Agreement dated as of November 3, 2014 (the "Agreement") with TYF for contact center services.

7.      On January 27, 2016, Pivotal provided 30-days' notice of termination of the Agreement, pursuant to the terms of the Agreement.  At that time, the Agreement obligated TYF to continue to provide services for 30 more days.

8.      Instead, on that same day, TYF's Chief Executive Officer, Bradley Norman, retaliated, informing Pivotal's Senior Vice President — Operations, Ed Garcia, that TYF would "ramp down immediately to skeletal contractual staff."  Mr. Norman further threatened, "I hope you thought this through and had a plan in place to deal with this contingency."  TYF's repudiation of its obligations would cause Pivotal's customers to suffer extended hold times for contact center services.  In turn, TYF's repudiation of its obligations would reduce Pivotal's responsiveness to its customers and, consequently, lead to customer attrition and damage its goodwill and reputation.  For these reasons, Pivotal immediately in-sourced its contact center services, causing consequential damages in the amount of not less than $25,000.

9.      Furthermore, pursuant to Section 4, paragraph 1.5 of the Agreement's Statement of Work, TYF was obligated to remit the balance of Pivotal's security deposit, in the amount of $84,093.75, upon termination of the Agreement.  TYF failed to do so.

10.      On February 24, 2016, Pivotal demanded that TYF return the balance of Pivotal's security deposit, in the amount of $84,093.75, but TYF failed and refused to do so.

11.      On May 13, 2016, Pivotal's counsel gave written notice of the dispute, which was not resolved in the ordinary course of business, but TYF failed to respond.  As such, Pivotal could not, in good faith, resolve the dispute.

**First Cause of Action**
**(Breach of Agreement)**

12.      Pivotal repeats and realleges each of the allegations contained in the previous paragraphs above as though fully set forth herein.

13.      Pivotal has fully performed its obligations under the Agreement.

14.      Pursuant to the Section 4, paragraph 1.5 of the Agreement's Statement of Work, TYF was obligated to remit the balance of Pivotal's security deposit.  Instead, TYF breached the Agreement by failing to remit the balance of Pivotal's security deposit in the amount of $84,093.75.

15.      In addition, TYF was obligated to continue providing contact center services for 30 days after Pivotal provided notice of termination of the Agreement.  Instead, TYF breached the Agreement by repudiating its obligations to continue providing such services, causing consequential damages in the amount of not less than $25,000.

16.      Pivotal is entitled to a monetary judgment against TYF in the amount of the $84,093.75 balance of Pivotal's security deposit, plus actual and consequential damages caused

by TYF's repudiation in an amount not less than $25,000, and costs, expenses, and attorney's fees to the fullest extent allowed.

      **WHEREFORE**, Pivotal respectfully requests the following:

A.     That the Court enter a monetary judgment in favor of Pivotal against TYF for actual and consequential damages in an amount not less than $109,093.75, plus pre-judgment interest to the fullest extent allowed;

B.     That the Court require TYF to pay Pivotal's costs, expenses, and attorney's fees to the fullest extent allowed;

C.     That the Court tax any court costs against TYF;

D.     That a jury try this case; and

E.     That the Court award such other, further, and general relief as the Court deems appropriate or to which Pivotal shows itself entitled.

Respectfully submitted,

s/Derek W. Edwards
Derek W. Edwards (TN BPR No. 012455)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee  37219-8966
Telephone:    (615) 244-6380
Facsimile:    (615) 244-6804
Email:    derek.edwards@wallerlaw.com

*Attorneys for Plaintiff Pivotal Payments, Inc.*