IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PIVOTAL PAYMENTS, INC., | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:16cv-00598 |
| | ) | Judge Mazzant, III |
| TAKING YOU FORWARD LLC, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Summary Judgment filed by Pivotal Payments, Inc. ("Pivotal") (Dkt. #7). The Court, having considered the relevant pleadings, declaration, and exhibit, finds that Pivotal's motion should be granted as to Defendant Taking You Forward, LLC.

**BACKGROUND**

Pivotal is a national merchant services provider, which offers credit and debit card payment processing services, clearing and settlement, gift/loyalty/stored value card programs, terminal management solutions, and electronic check processing services to merchants, Internet business owners, and mail order/telephone order businesses. Those services enable merchants to accept and receive payments for customer credit and debit card transactions.

Pivotal entered into a Contract for Services Agreement dated as of November 3, 2014 (the "Agreement"), with Defendant for contact center services—*i.e.*, so-called Level 1 support services. If one of Pivotal's merchant customers telephoned for customer service, then the call was first handled by Defendant. If Defendant could not handle the issue, then the merchant's

call was escalated to Level 2 support handled by one of Pivotal's processors provided by either First Data or TSYS.

On January 27, 2016, Pivotal provided 30-days' notice of termination of the Agreement, pursuant to the terms of the Agreement. At that time, the Agreement obligated Defendant to continue to provide services for 30 more days.

Instead to doing, on that same day, Defendant's Chief Executive Officer, Bradley Norman, informed Pivotal's Chief Operating Officer, Ed Garcia, that Defendant would "ramp down *immediately* to skeletal contractual staff." Mr. Norman further stated, "I hope you thought this through and had a plan in place to deal with this contingency." This was a repudiation of Defendant's obligations, as a result of which Pivotal's customers would have suffered extended hold times for contact center services had Pivotal not taken immediate action. It would have reduced Pivotal's responsiveness to its customers and, consequently, led to customer attrition and damage its goodwill and reputation. The threat of irreparable damage necessitated Pivotal to re-route customer service calls to First Data and TSYS immediately.

Some Level 1 calls were re-routed to First Data, which cost $1,911.00 for 30 days after January 27, 2016. Those costs were calculated as follows:

The average cost of First Data's Level 2 services was $3,465.00 during the three-month period before Defendant repudiated the Agreement. The average cost of First Data's Level 1 and 2 services was $5,376.00 during the six-month period after Defendant repudiated the Agreement — an increase of $1,911.00 per month.

Other Level 1 calls were re-routed to TSYS, which cost $7,941.00 for 30 days after January 27, 2016.

Further, pursuant to Section 4, paragraph 1.5 of the Agreement's Statement of Work, Defendant was obligated to remit the balance of Pivotal's security deposit, in the amount of $84,093.75, upon termination of the Agreement. Defendant failed to do so.

On February 24, 2016, Pivotal demanded that Defendant return the balance of Pivotal's security deposit, in the amount of $84,093.75, but Defendant failed to do so.

On May 13, 2016, Pivotal's counsel gave written notice of the dispute, which was not resolved in the ordinary course of business, but Defendant failed to respond. As such, Pivotal could not, in good faith, resolve the dispute.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary

judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Fed. R. Civ. P. 8(d).

## ANALYSIS

Plaintiff moves for summary judgment asserting that Defendant repudiated the Agreement, as a consequence of which Pivotal suffered damages in the amount of $9,852, and breached the Agreement when it failed to return the balance of Pivotal's security deposit in the amount of $84,093.75.

Texas law governs the Agreement. To constitute an anticipatory breach, a party must have absolutely repudiated the contract without just excuse. *See Lindley v. Hackard & Holt*, No. 3:05-CV-1476-L, 2006 U.S. Dist. LEXIS 55950, *16–17 (N.D. Tex. July 31, 2006) (citing *Poe v. Hutchins*, 737 S.W.2d 574, 578 (Tex. App.—Dallas, 1978, writ ref'd n.r.e.)). Stated another way, to establish anticipatory breach, one must establish, or raise a genuine issue of material fact, that (1) the opposing party absolutely repudiated the obligation or contract, (2) such repudiation was without just excuse, and (3) the party asserting the claim or defense has suffered damages. *Id.*

4

Because the Clerk entered default against Defendant (Dkt. #6), Defendant has admitted that (1) Defendant absolutely repudiated its obligations to provide contact center services for Pivotal's customers and (2) as a result, Pivotal immediately re-routed those services to prevent reduced responsiveness for its customers, customer attrition, loss of Pivotal's goodwill, and damage to its reputation—as Pivotal alleged. Defendant had the burden to demonstrate that its breach of Agreement was excused. *See, e.g., Mushtaha v. Tile Roofs*, No. 14-13-00793-CV, 2014 Tex. App. LEXIS 13271, *9 (Tex. App.—Houston [14th Dist.] Dec. 11, 2014, no pet.) (citing *Sassoon v. Thompson*, No. 14-02- 00154-CV, 2003 Tex. App. LEXIS 1525, *3 (Tex. App.—Houston [14th Dist.] Feb. 20, 2003, pet. denied) (mem. op.) (holding breaching party has burden at trial to demonstrate that its breach of contract was excused)). Indeed, excuse to performance is an affirmative defense. "[T]he contention that a party to a contract is excused from performance because of a prior material breach by the other contracting party is an affirmative defense that must be affirmatively pleaded." *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 852 (Tex. App. 2005) (citing *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 327 (Tex. App.—Houston [1st Dist.] 1997, pet. denied (citing Tex. R. Civ. P. 94))).

Defendant has failed to satisfy its burden to demonstrate that its repudiation of Agreement was excused due to its default. Consequently, there are not any genuine issues of fact material to whether Defendant repudiated its obligations under the Agreement, nor whether Pivotal suffered damages due to that breach of the Agreement by Defendant. It is undisputed that when Pivotal re-routed its contact center services, as result of Defendant's repudiation, Pivotal suffered damages in the amount of $9,852.

Further, because the Clerk entered default against Defendant, Defendant has admitted that (1) Defendant held a security deposit, (2) Defendant was obligated to remit the balance of Pivotal's security deposit upon termination of the Agreement, (3) Pivotal terminated the Agreement, (4) Pivotal demanded that Defendant return the balance of Pivotal's security deposit, but Defendant failed to do so.  Consequently, there are not any genuine issues of fact material to whether Defendant's failure to return the balance of the security deposit was a breach of the Agreement, nor whether Pivotal suffered damages due to that breach in the amount of $84,093.75.

Based upon undisputed facts — indeed many deemed admitted, Pivotal has proven that Defendant repudiated its obligations to provide center services obligations, as a result of which Pivotal suffered damages in the amount of $9,852, and Defendant breached its obligations to return the balance of Pivotal's security deposit, as a result of which Pivotal suffered damages in the amount of $84,093.75

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. #7) is hereby **GRANTED** as to Defendant Taking You Forward, LLC and the Court enters a final judgment against Taking You Forward, LLC in the amount of $93,945.75.

**SIGNED this 2nd day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE